**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | )   **No. 1:21-cr-41-JL** |
| **Ian Freeman (formerly Ian Bernard)** | ) |
| **and** | ) |
| **Aria DiMezzo (formerly James Baker)** | ) |
| | ) |

<u>**SUPERSEDING INDICTMENT**</u>

The Grand Jury charges:

<u>Background</u>

At all times material to this Superseding Indictment:

1.      From at least on or about 2016 to on or about March 15, 2021, defendants IAN FREEMAN, ARIA DIMEZZO, and others operated a business that enabled customers to exchange fiat currency for virtual currency, charging a fee for their service. In total, between approximately May 25, 2016, and March 15, 2021, the defendants exchanged more than $10,000,000 in United States currency for virtual currency on behalf of customers throughout the United States, including in the District of New Hampshire.

2.      The defendants IAN FREEMAN and ARIA DIMEZZO and others operated their unlawful virtual currency exchange business through two primary means. First, they advertised virtual currency for sale online through websites including LocalBitcoins.com. Second, they operated virtual currency automated teller machines, or kiosks, located in the District of New Hampshire.

1

3.      At all times relevant to this Superseding Indictment, the defendants knowingly operated the virtual currency exchange business in violation of federal anti-money laundering laws and regulations, including those requiring money services businesses to meet registration and reporting requirements set forth in Title 18, United States Code, Section 1960, and in regulations promulgated by the United States Department of the Treasury.

4.      In furtherance of the unlawful scheme, the defendants IAN FREEMAN, ARIA DIMEZZO, and others opened bank accounts at United States financial institutions, including in branches located in the District of New Hampshire, either as personal accounts, or in the names of purported religious entities, including, but not limited to: the Shire Free Church, the Crypto Church of NH, the Church of the Invisible Hand, and the Reformed Satanic Church. The defendants and others engaged in substantial efforts to evade detection of their unlawful virtual currency exchange scheme by: (1) avoiding answering questions from financial institutions about the nature of the businesses holding the accounts and (2) deceiving the financial institutions about the nature of their unlawful virtual currency exchange business through falsely claiming that the accounts were held by religious organizations that received charitable contributions.

5.      The defendants IAN FREEMAN, ARIA DIMEZZO, and others knowingly and falsely represented to these financial institutions that the accounts were used to receive church donations and conduct church outreach when, in truth and in fact, the accounts were opened to function, and did in fact function, as operating accounts for their unlawful virtual currency exchange business.

6.      In furtherance of their unlawful scheme, the defendants IAN FREEMAN, ARIA DIMEZZO, and others knowingly instructed virtual currency customers to lie to financial institutions about the virtual currency transactions that customers were executing. Specifically,

2

they instructed customers to conceal from the financial institutions the fact that the customers were purchasing virtual currency, and in certain cases, to state falsely to the financial institutions that the payments were church donations or were for the purpose of purchasing rare coins.

7.      As part of the unlawful scheme, the defendant IAN FREEMAN knowingly processed and profited from numerous virtual currency transactions conducted on behalf of individuals who were defrauded by illegal scams, most commonly so-called "romance scams."[1] By knowingly permitting defrauded individuals to exchange fiat currency for virtual currency including Bitcoin, FREEMAN and others facilitated the transfer of illicit proceeds to the executors of the illegal scams, while generating revenue for the virtual currency exchange business.

8.      At all times relevant to this Superseding Indictment, IAN FREEMAN was a resident of New Hampshire. Since at least 2019, ARIA DIMEZZO was a resident of New Hampshire.

9.      At all times relevant to this Superseding Indictment, TD Bank, Bank of America, Santander Bank, Wells Fargo Bank, JP Morgan Chase Bank, Ally Bank, Axos Bank, Savings Bank of Walpole, and Citizens Bank, were financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

10.     At all times relevant to this Superseding Indictment, Service Credit Union, Digital Federal Credit Union, Members First Credit Union, Agricultural Federal Credit Union, and First Tech Federal Credit Union, were financial institutions, the deposits of which were then insured by the National Credit Union Association.

---

[1] As used in this Superseding Indictment, a "romance scam" is a type of wire fraud and is an illicit means of obtaining money and property from an unsuspecting individual. It is usually executed by a perpetrator who, through a series of on-line, email, text, and telephonic communications, deceptively and through false pretenses secures the confidence and trust of an individual and induces that person to send the perpetrator money and property.

**COUNT ONE**
**[Conspiracy to Operate Unlicensed Money Transmitting Business]**
**[18 U.S.C. §§ 371, 1960(a) and (b)(1)(B)]**

11.     The allegations of paragraphs 1 through 10 of this Superseding Indictment are reelleged and incorporated as if set forth in full herein.

12.     From at least in and around January 2016, to on or about March 15, 2021, in the District of New Hampshire and elsewhere, the defendants IAN FREEMAN, ARIA DIMEZZO and others known and unknown, did unlawfully, willfully and knowingly combine, conspire, confederate and agree with each other to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

13.     It was a part and object of the conspiracy that the defendants IAN FREEMAN, ARIA DIMEZZO, and others known and unknown, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely a virtual currency exchange business, that involved the transportation or transmission of funds which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder.

<u>Overt Acts</u>

14.     In furtherance of the conspiracy and to affect the illegal object thereof, at least one of the following overt acts, among others, was committed in the District of New Hampshire and elsewhere:

        a.      Between in or around May 2016 and on or about March 15, 2021, from the District of New Hampshire, the defendants IAN FREEMAN and ARIA DIMEZZO

opened and operated accounts at financial institutions as personal accounts with the purpose to use them to sell virtual currency.

      b.      Between in or around May 2016 and on or about March 15, 2021, from the District of New Hampshire, the defendants IAN FREEMAN and ARIA DIMEZZO opened and operated accounts at financial institutions, in the names of religious organizations with the purpose to use them to sell virtual currency.

      c.      Between in or around May 2016 and on or about March 15, 2021, from the District of New Hampshire, the defendant IAN FREEMAN paid others to open bank accounts in their names or in the names of purported religious organizations with the purpose to allow IAN FREEMAN to use the accounts to sell virtual currency.

      d.      Between in or around May 2016 and on or about March 15, 2021, from the District of New Hampshire, the defendants IAN FREEMAN and ARIA DIMEZZO met customers on Localbitcoins.com and sold them Bitcoin in exchange for fiat currency.

      e.      Between in or around May 2016 and on or about March 15, 2021, in the District of New Hampshire, the defendant IAN FREEMAN operated virtual currency kiosks.

      f.      Between in or around May 2016 and on or about March 15, 2021, the defendants IAN FREEMAN, ARIA DIMEZZO, and others instructed virtual currency customers to falsely describe deposits into their accounts as "church donations" to avoid detection of their scheme by financial institutions.

15.      All in violation of Title 18, United States Code, Sections 371, 1960(a), and 1960(b)(1)(B).

## COUNT TWO
### [Operation of Unlicensed Money Transmitting Business]
### [18 U.S.C. §§ 1960(a) and (b)(1)(B) and (C)]

16.     The allegations of paragraphs 1 through 10 of this Superseding Indictment are reallleged and incorporated as if set forth in full herein.

17.     Beginning on or about an unknown date, but at least by 2016, and continuing until at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, the defendant IAN FREEMAN, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely a virtual currency exchange business, that (i) involved the transportation or transmission of funds which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder and (ii) otherwise involved the transportation and transmission of funds known to IAN FREEMAN to have been derived from a criminal offense, specifically, wire fraud in violation of Title 18, United States Code, Section 1343, and intended to be used to promote and support unlawful activity.

18.     All in violation of Title 18 United States Code, Sections 1960(a) and (b)(1)(B) and (C).

## COUNT THREE
### [Operation of Unlicensed Money Transmitting Business]
### [18 U.S.C. §§ 1960(a) and (b)(1)(B)]

19.     The allegations of paragraphs 1 through 10 of this Superseding Indictment are reallleged and incorporated as if set forth in full herein.

20.     Beginning on or about an unknown date, but at least by September 2019, and continuing until at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, the defendant ARIA DIMEZZO, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business affecting interstate and foreign commerce, namely a virtual currency exchange business, that involved the transportation or transmission of funds which failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder.

21.     All in violation of Title 18 United States Code, Sections 1960(a) and (b)(1)(B).

## COUNT FOUR
### [Conspiracy to Commit Wire Fraud and Bank Fraud]
### [18 U.S.C. §§ 1343, 1344, 1349]

22.     The allegations of paragraphs 1 through 10 of this Superseding Indictment are re-alleged and incorporated as if set forth in full herein.

23.     Beginning on or about an unknown date, but at least by 2016, and continuing until at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, the defendant IAN FREEMAN and others willfully and knowingly, combined, conspired, confederated and agreed together and with each other to commit wire fraud and bank fraud in violation of Title 18, United States Code, Sections 1343 and 1344.

24.     It was a part and an object of the conspiracy that the defendant IAN FREEMAN and others known and unknown, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign

commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such

scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343. IAN

FREEMAN and others made, and caused others to make, material misrepresentations to financial

institutions to deceive those financial institutions into allowing the defendant to open and operate

accounts used to process financial transactions and, in so doing, caused wires to be transmitted to

and from the District of New Hampshire.

      25.     It was a further part and an object of the conspiracy that the defendant IAN

FREEMAN and others willfully and knowingly would and did execute and attempt to execute a

scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned

by, and under the custody and control of, financial institutions, including TD Bank, Bank of

America, Santander Bank, Wells Fargo Bank, JP Morgan Chase Bank, Ally Bank, Axos Bank,

Savings Bank of Walpole, Citizens Bank, and other financial institutions, the deposits of which

were then insured by the Federal Deposit Insurance Corporation; and Service Credit Union,

Digital Federal Credit Union, Members First Credit Union, Agricultural Federal Credit Union,

First Tech Federal Credit Union, and other credit unions, the deposits of which were then insured

by the National Credit Union Association, by means of false and fraudulent pretenses,

representations, and promises, in violation of Title 18, United States Code, Section 1344(2). IAN

FREEMAN and others made, and caused others to make, material misrepresentations to federally

insured financial institutions to deceive those financial institutions into allowing IAN

FREEMAN and others to open and operate accounts used to process financial transactions and,

in so doing, obtained and attempted to obtain moneys, funds, and property owned by and under

the custody and control of financial institutions.

      26.     All in violation of Title 18, United States Code, Sections 1343, 1344, and 1349.

## COUNTS FIVE THROUGH TWENTY
## [Wire Fraud]
## [18 U.S.C. § 1343]

27.     The allegations of paragraphs 1 through 10 of this Superseding Indictment are

realleged and incorporated as if set forth in full herein.

28.     Beginning on or about an unknown date, but at least by 2016, and continuing until

at least on or about March 15, 2021, in the District of New Hampshire and elsewhere, the

defendants IAN FREEMAN and ARIA DIMEZZO, devised and intended to devise a scheme to

defraud the financial institutions listed below, and to obtain money and property by means of

materially false and fraudulent pretenses, representations and promises. For the purpose of

executing the scheme to defraud, IAN FREEMAN and ARIA DIMEZZO caused to be

transmitted by means of wire communication in interstate commerce, the writings, signals, and

sounds described below:

| COUNT | WIRE COMMUNICATION | DEFENDANT | FINANCIAL INSTITUTION | ACCOUNT |
|---|---|---|---|---|
| 5 | 1/12/17 Wire Transfer | Ian Freeman | Wells Fargo | 7792 |
| 6 | 10/12/17 Email | Ian Freeman | Wells Fargo | 3193 |
| 7 | 1/8/18 Text Communication | Ian Freeman | Service Credit Union | 9598 |
| 8 | 9/11/2019 Text Communication | Ian Freeman | TD Bank | 2980 |
| 9 | 11/9/18 Email | Ian Freeman | Service Credit Union | 0019 |
| 10 | 6/13/19 Wire Transfer | Ian Freeman | First Tech Federal Credit Union | 8014 |
| 11 | 1/21/2020 Wire Transfer | Ian Freeman | Service Credit Union | 4962 |
| 12 | 4/2/20 Wire Transfer | Ian Freeman | JP Morgan Chase | 9038 |
| 13 | 4/27/20 Wire Transfer | Ian Freeman | Bank of America | 9633 |

| 14 | 12/11/19 Wire Transfer | Ian Freeman | Agricultural Federal Credit Union | 9989 |
|----|------------------------|-------------|-----------------------------------|------|
| 15 | 11/2/2020 Wire Transfer | Ian Freeman | Santander | 2523 |
| 16 | 11/10/2020 Wire Transfer | Ian Freeman | Santander | 9819 |
| 17 | 3/24/2020 Wire Transfer | Aria DiMezzo | Bank of America | 6064 |
| 18 | 7/1/2020 Wire Transfer | Aria DiMezzo | Citizens Bank | 4521 |
| 19 | 7/16/2020 Wire Transfer | Aria DiMezzo | Wells Fargo | 5556 |
| 20 | 3/2/2021 Wire Transfer | Aria DiMezzo | Savings Bank of Walpole | 8389 |

29.     All in violation of Title 18 United States Code, Section 1343.


## COUNT TWENTY-ONE
### [Money Laundering – 18 U.S.C. § 1956(a)(3)(B)]

30.     The allegation of paragraphs 1 through 10 of this Superseding Indictment are realleged and incorporated as if set forth in full herein.

31.     On or about August 25, 2020, in the District of New Hampshire and elsewhere, the defendant IAN FREEMAN, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, that is, distribution of controlled substances in violation of Title 21, United States Code, Section 841(a), knowingly conducted a financial transaction, affecting interstate commerce, involving property represented by an authorized agent of the United States government to be proceeds of specified unlawful activity, that is, distribution of controlled substances, namely the exchange of $19,900 in United States dollars, for approximately 1.54 Bitcoin.

32.     All in violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNTS TWENTY-TWO THROUGH TWENTY-SEVEN
### [Money Laundering – 18 U.S.C. § 1957]

33.     The allegations in Paragraphs 1 through 10 of this Superseding Indictment are

realleged and incorporated as if set forth in full herein.

34.     On or about the following dates, in the District of New Hampshire and elsewhere,

the defendants IAN FREEMAN and ARIA DIMEZZO, knowingly engaged and attempted to

engage in the monetary transactions listed below by or through or to a financial institution,

affecting interstate commerce, in criminally derived property of a value greater than $10,000,

such property having been derived from a specified unlawful activity, that is, bank fraud, in

violation of Title 18, United States Code, Section 1344.

| COUNT | DEFENDANT | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 22 | Ian Freeman | April 29, 2019 | Deposit of $44,874 check from TD Bank Account ending 2980 into Axos Bank Account ending 8079 |
| 23 | Ian Freeman | March 3, 2017 | Deposit of $24,000 check with memo line "church outreach" from Wells Fargo Bank Account ending 7792 into Ally Bank Account ending 8059. |
| 24 | Ian Freeman | November 10, 2020 | Transfer of $141,000 from Santander Bank Account ending 2523 to Santander Bank Account ending 9819. |
| 25 | Aria DiMezzo | July 7, 2020 | Transfer of $271,000 from Citizens Bank Account ending 4521 to virtual currency exchange Paxos |
| 26 | Aria DiMezzo | August 20, 2020 | Transfer of $91,000 from Wells Fargo Bank Account ending 5556 to virtual currency exchange Paxos |
| 27 | Aria DiMezzo | August 14, 2020 | Transfer of $50,000 from Wells Fargo Bank Account ending 5556 to Wells Fargo Bank Account ending 8389 |

35.     All in violation of Title 18, United States Code, Section 1957.

## COUNT TWENTY-EIGHT
### [Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h)]

36.     The allegations set forth in Paragraphs 1 through 10 of this Superseding

Indictment are realleged and incorporated as if set forth in full herein.

37.     From an unknown date but no later than May 25, 2016, and ending on or about

March 15, 2021, in the District of New Hampshire and elsewhere, the defendant IAN

FREEMAN, and others known and unknown, did willfully and knowingly combine, conspire,

confederate and agree together and with each other to knowingly conduct and attempt to conduct

financial transactions affecting interstate commerce, which transactions involved the proceeds of

specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code,

Section 1343, knowing that the transactions were designed in whole or in part to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity, and that while conducting and attempting to conduct such financial

transactions, knew that the property involved in the financial transactions represented the

proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i).

38.     All in violation of Title 18 United States Code, Section 1956(h).

## COUNTS TWENTY-NINE THROUGH THIRTY-TWO
### [Attempt to Evade or Defeat Tax – 26 U.S.C. § 7201]

39.     The allegations alleged in Paragraphs 1 through 10 of this Superseding Indictment

are realleged and incorporated as if set forth in full herein.

40.     During the calendar years set forth below, the defendant IAN FREEMAN,

received taxable income, upon which there was substantial income tax due and owing to the

United States of America. Knowing the foregoing facts and failing to make an income tax return

on or before the dates set forth below, as required by law, to any proper officer of the Internal

Revenue Service, and to pay the income tax to the Internal Revenue Service, IAN FREEMAN,

willfully attempted to evade and defeat income tax due and owing by him to the United States,

for the calendar years set forth below, by, among other affirmative acts: (i) obtaining Employer

Identification Numbers for purported churches; (ii) opening and operating accounts at financial

institutions in the names of those churches; (iii) causing virtual currency customers to deposit

funds into accounts at financial institutions in the names of the purported churches and other

accounts; (iv) directing virtual currency customers to conceal the nature of the funds deposited

into the accounts he controlled; (v) causing third parties to open bank accounts for him to use for

his virtual currency business; and (vi) disabling know your customer features in his virtual

currency kiosks.

| COUNT | CALENDAR YEAR | DUE DATE OF RETURN |
|-------|---------------|---------------------|
| 29 | 2016 | April 17, 2017 |
| 30 | 2017 | April 16, 2018 |
| 31 | 2018 | April 15, 2019 |
| 32 | 2019 | July 15, 2020 |

41.     All in violation of Title 26, United States Code, Section 7201.

## COUNT THIRTY-THREE
### [Continuing Financial Crimes Enterprise]
### [18 U.S.C. § 225]

42.     The allegations set forth in Paragraph 1 through 10 of this Superseding Indictment

are realleged and incorporated as if set forth in full herein.

43.     From an unknown date but no later than May 25, 2016, and ending on or about

March 15, 2021, in the District of New Hampshire and elsewhere, the defendant IAN

FREEMAN knowingly conducted a continuing financial crimes enterprise, in that he committed

bank fraud through a series of violations of Title 18, United States Code, Section 1344, and wire

fraud through a series of violations of Title 18, United States Code, Section 1343, that affected a

financial institution, including, but not limited to, the acts alleged in Counts 5 through 16 of this

Superseding Indictment, which are incorporated by reference, which violations were undertaken

by the defendant in concert with at least three other persons whom the defendant organized,

managed and supervised, and from which continuing series of violations IAN FREEMAN

received over $5,000,000 and more in gross receipts from on or about October 1, 2018, ending

on or about September 30, 2020.

      44.     All in violation of Title 18, United States Code, Section 225.

## NOTICE OF FORFEITURE

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. 2461(C), and upon conviction of

the offense alleged in Count One of this Superseding Indictment in violation of 18 U.S.C. § 371,

the defendants IAN FREEMAN and ARIA DIMEZZO shall forfeit to the United States of

America any property, real or personal, which constitutes or is derived from proceeds traceable

to said violation(s), including but not limited to: (1) (21-FBI-004556) 6.124429323 BTC, seized

from Ian Freeman; (2) (21-FBI-004557) 315.44728106 DASH, seized from Ian Freeman; (3)

(21-FBI-005179) $14,120.00 U.S. Currency seized from Bitcoin ATM (General Bytes

BT300470), taken from Bitcoin Embassy; (4) (21-FBI-005180) $30,980.00 U.S. Currency seized

from Campus Convenience Bitcoin ATM; (5) (21-FBI-005447) One physical '1 BTC' Casascius

Bitcoin seized from Ian Freeman's safe;  (6) (21-FBI-005449) One physical '100 BTC'

Casascius Bitcoin "gold plated bearer bar" seized from Ian Freeman's safe; (7) (21-FBI-

005718) .9999783 BCH from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's

safe; (8) (21-FBI-005719) .99909638 BTC from physical '1 BTC' Casascius Bitcoin seized from

Ian Freeman's safe; (9) (21-FBI-005720) 99.99993098 BCH from physical '100 BTC' Casascius

Bitcoin seized from Ian Freeman's safe; (10) (21-FBI-005722) 99.99765508 BTC from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (11) (21-FBI-005519) Misc. coins and ingots of precious metal seized from Ian Freeman's safe:  (A) U.S. $0.10 silver dime sealed in plastic, (B) OPM sealed 1oz gold bars .999 fine; (C) PAMP sealed 1oz gold bar .999 fine; (D) $1 Liberty dollar warehouse silver receipts 1/20 oz each; (E) $5 Liberty dollar warehouse silver receipts 1/4 oz each; (F) $10 Liberty dollar warehouse silver receipts 1/2 oz each; (G) $20 Liberty dollar warehouse silver receipts; (H) Silver coins 1/2 oz .999 fine; (I) Silver coins 1 oz .999 fine; (J) Silver coins 2 oz .999 fine; (K) Silver coins in plastic cases 1 oz .999 fine; (L) Silver bullet 1 oz .999 fine; (M) Platinum Ron Paul coin 1 oz .999 fine, (N) OPM sealed 1oz gold bars .999 fine; (O) Australian 1 oz gold coin .999 fine; (P) Australian 2 oz silver coin .999 fine; (Q) Swiss of American 100 oz silver bar .999 fine; and (R) Copper coins; (12) (21-FBI-005553) $179,672.00 U.S. Currency seized from Ian Freeman's safe; (13) (21-FBI-005554) 143 silver coins and one 10-oz silver bar seized from Ian Freeman's residence; (14) (21-FBI-005555) $2,124.00 U.S. Currency seized from Ian Freeman's residence; (15) (21-FBI-005574) $610.00 U.S. Currency seized from Red Apple Diner (Bitcoin ATM service fees); (16) (21-FBI-005575) $6,680.00 U.S. Currency seized from Murphy's Taproom Bitcoin ATM; (17) (21-FBI-005583) $300.00 U.S. Currency seized from Red Arrow Diner Bitcoin ATM; (18) (21-FBI-005591) Misc. Goldbacks seized from U.S.P.S.; (19) (21-FBI-005592) Misc. Goldbacks seized from Ian Freeman's residence, and (20) (21-FBI-005593) Misc. Goldbacks seized from 142 Chester Rd.

Pursuant to 18 U.S.C. §  982(a)(2), and  upon conviction of the offenses alleged in Counts Four through Twenty of this Superseding Indictment in violation of 18 U.S.C. §§ 1343, 1344 or 1349,  the defendants IAN FREEMAN and ARIA DIMEZZO shall forfeit to the United States of America any property, real or personal, any property constituting, or derived from,

proceeds obtained, directly or indirectly, as a result of such violation(s) including but not limited to: (1) (21-FBI-004556) 6.124429323 BTC, seized from Ian Freeman; (2) (21-FBI-004557) 315.44728106 DASH, seized from Ian Freeman; (3) (21-FBI-005179) $14,120.00 U.S. Currency seized from Bitcoin ATM (General Bytes BT300470), taken from Bitcoin Embassy; (4) (21-FBI-005180) $30,980.00 U.S. Currency seized from Campus Convenience Bitcoin ATM; (5) (21-FBI-005447) One physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (6) (21-FBI-005449) One physical '100 BTC' Casascius Bitcoin "gold plated bearer bar" seized from Ian Freeman's safe; (7) (21-FBI-005718) .9999783 BCH from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (8) (21-FBI-005719) .99909638 BTC from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (9) (21-FBI-005720) 99.99993098 BCH from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (10) (21-FBI-005722) 99.99765508 BTC from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (11) (21-FBI-005519) Misc. coins and ingots of precious metal seized from Ian Freeman's safe: (A) U.S. $0.10 silver dime sealed in plastic, (B) OPM sealed 1oz gold bars .999 fine; (C) PAMP sealed 1oz gold bar .999 fine; (D) $1 Liberty dollar warehouse silver receipts 1/20 oz each; (E) $5 Liberty dollar warehouse silver receipts 1/4 oz each; (F) $10 Liberty dollar warehouse silver receipts 1/2 oz each; (G) $20 Liberty dollar warehouse silver receipts; (H) Silver coins 1/2 oz .999 fine; (I) Silver coins 1 oz .999 fine; (J) Silver coins 2 oz .999 fine; (K) Silver coins in plastic cases 1 oz .999 fine; (L) Silver bullet 1 oz .999 fine; (M) Platinum Ron Paul coin 1 oz .999 fine, (N) OPM sealed 1oz gold bars .999 fine; (O) Australian 1 oz gold coin .999 fine; (P) Australian 2 oz silver coin .999 fine; (Q) Swiss of American 100 oz silver bar .999 fine; and (R) Copper coins; (12) (21-FBI-005553) $179,672.00 U.S. Currency seized from Ian Freeman's safe; (13) (21-FBI-005554) 143 silver coins and one 10-oz silver bar seized from Ian

Freeman's residence; (14) (21-FBI-005555) $2,124.00 U.S. Currency seized from Ian Freeman's residence; (15) (21-FBI-005574) $610.00 U.S. Currency seized from Red Apple Diner (Bitcoin ATM service fees); (16) (21-FBI-005575) $6,680.00 U.S. Currency seized from Murphy's Taproom Bitcoin ATM; (17) (21-FBI-005583) $300.00 U.S. Currency seized from Red Arrow Diner Bitcoin ATM; (18) (21-FBI-005591) Misc. Goldbacks seized from U.S.P.S.; (19) (21-FBI-005592) Misc. Goldbacks seized from Ian Freeman's residence, and (20) (21-FBI-005593) Misc. Goldbacks seized from 142 Chester Rd.

Pursuant to 18 U.S.C.§ 982(a)(1), and upon conviction of an offense in violation of 18 U.S.C. §§ 1956, 1957 or 1960 charged in Counts One, Two, Three, and Twenty-One through Twenty-Eight of this Superseding Indictment, the defendant IAN FREEMAN shall forfeit to the United States, all property, real or personal, involved in the offense, and all property traceable to such property, including but not limited to:  (1) (21-FBI-004556) 6.124429323 BTC, seized from Ian Freeman; (2) (21-FBI-004557) 315.44728106 DASH, seized from Ian Freeman; (3) (21-FBI-005179) $14,120.00 U.S. Currency seized from Bitcoin ATM (General Bytes BT300470), taken from Bitcoin Embassy; (4) (21-FBI-005180) $30,980.00 U.S. Currency seized from Campus Convenience Bitcoin ATM; (5) (21-FBI-005447) One physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe;  (6) (21-FBI-005449) One physical '100 BTC' Casascius Bitcoin "gold plated bearer bar" seized from Ian Freeman's safe; (7) (21-FBI-005718) .9999783 BCH from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (8) (21-FBI-005719) .99909638 BTC from physical '1 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (9) (21-FBI-005720) 99.99993098 BCH from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (10) (21-FBI-005722) 99.99765508 BTC from physical '100 BTC' Casascius Bitcoin seized from Ian Freeman's safe; (11) (21-FBI-005519) Misc. coins and ingots of

17

precious metal seized from Ian Freeman's safe:  (A) U.S. $0.10 silver dime sealed in plastic, (B) OPM sealed 1oz gold bars .999 fine; (C) PAMP sealed 1oz gold bar .999 fine; (D) $1 Liberty dollar warehouse silver receipts 1/20 oz each; (E) $5 Liberty dollar warehouse silver receipts 1/4 oz each; (F) $10 Liberty dollar warehouse silver receipts 1/2 oz each; (G) $20 Liberty dollar warehouse silver receipts; (H) Silver coins 1/2 oz .999 fine; (I) Silver coins 1 oz .999 fine; (J) Silver coins 2 oz .999 fine; (K) Silver coins in plastic cases 1 oz .999 fine; (L) Silver bullet 1 oz .999 fine; (M) Platinum Ron Paul coin 1 oz .999 fine, (N) OPM sealed 1oz gold bars .999 fine; (O) Australian 1 oz gold coin .999 fine; (P) Australian 2 oz silver coin .999 fine; (Q) Swiss of American 100 oz silver bar .999 fine; and (R) Copper coins; (12) (21-FBI-005553) $179,672.00 U.S. Currency seized from Ian Freeman's safe; (13) (21-FBI-005554) 143 silver coins and one 10-oz silver bar seized from Ian Freeman's residence; (14) (21-FBI-005555) $2,124.00 U.S. Currency seized from Ian Freeman's residence; (15) (21-FBI-005574) $610.00 U.S. Currency seized from Red Apple Diner (Bitcoin ATM service fees); (16) (21-FBI-005575) $6,680.00 U.S. Currency seized from Murphy's Taproom Bitcoin ATM; (17) (21-FBI-005583) $300.00 U.S. Currency seized from Red Arrow Diner Bitcoin ATM; (18) (21-FBI-005591) Misc. Goldbacks seized from U.S.P.S.; (19) (21-FBI-005592) Misc. Goldbacks seized from Ian Freeman's residence, and (20) (21-FBI-005593) Misc. Goldbacks seized from 142 Chester Rd.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

Dated:  April 25, 2022                              A TRUE BILL

                                                    /s/ Grand Jury Foreperson
                                                    Grand Jury Foreperson

JOHN J. FARLEY
United States Attorney

/s/ Georgiana L. MacDonald                          /s/ Seth R. Aframe
Georgiana L. MacDonald                              Seth R. Aframe
Assistant U.S. Attorney                             Assistant U.S. Attorney