UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   21-cr-00041-JL |
| | ) |
| ARIA DIMEZZO | ) |

UNITED STATES' REPLY TO DEFENDANT'S SENTENCING MEMORANDUM

"A federal judge in deciding to impose sentence may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Concepcion v. United States*, 142 S.Ct. 2389, 2399 (2022) (quotation omitted). The defendant objects to this Court's consideration of information presented at the trial of her co-defendant, Ian Freeman.

The First Circuit, in cases that predate *Concepcion*, has taken a similar view that sentencing courts have broad discretion in information that they consider, with the caveat that "a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court." *United States v. Berzon*, 941 F.2d 8, 21 (1st Cir. 1992). Thus, the First Circuit has embraced the position that "[a] sentencing court has wide scope of discretion to consider evidence, including testimony from outside the sentencing hearing if it timely advises the defendant in advance of sentencing that it heard or read, and was taking into account, that testimony." *United States v. Acevedo-López*, 873 F.3d 330, 341 (1st Cir. 2017) (quotations omitted).

The defendant says that she is disadvantaged because she has not had the chance to review the Freeman trial transcripts. But those transcripts have little to do with the government's argument about the defendant's conduct. There was <u>no</u> trial witness who testified that the

defendant and Freeman were in a money laundering conspiracy. The government argued the point to the jury, but that argument was entirely based on information that the defendant has had in her possession throughout this case:

* The overlap in elderly clients was derived from bank record, the Freeman computer, and the DiMezzo phone.

* The video recording that the defendant made explaining how to operate a willful-blindness money laundering business.

* The contracts executed between the defendant and Freeman about the terms of their business.

* The audio memos with Freeman from the DiMezzo phone.

Thus, there is nothing additional from the Freeman trial other than the government's argument to the jury on how the evidence just described shows that the defendant was engaged in money laundering with Freeman. Nevertheless, to the extent the defendant wishes additional time to review these transcripts before sentencing, the Government assents to the continuance requested in the defendant's sentencing memo.

The Monetary Values Do Not Overstate the Seriousness of the Offense in this Case

The defendant argues that the Court should grant a downward variance because the monetary values in U.S.S.G. §2B1.1(b)(1)(I) overstate the seriousness of the offense in this case. She complains that the 16 levels added to the base offense level of 6, are based on the total value of funds which passed through the defendant's unlicensed money transmitting business and is not the amount which she caused any person to lose. The Sentencing Guidelines, of course, already account for this. The applicable guidelines provision for the defendant's crime is §2S1.3. This provision applies to money transmitting businesses that fail to obtain the necessary

federal or state license, as well as various monetary reporting crimes, regardless of whether the funds were lawfully or unlawfully obtained. This provision already incorporates the fact that the defendant's crime is not predicated on causing actual loss.

The defendant argues that the large volume should not be treated the same as money obtained by fraud or damages knowingly caused. It is not. Fraud crimes and money laundering crimes are governed by separate Guideline provisions, §2B1.1 and §2S1.1 respectively. Had the defendant obtained this amount of money by fraud, or been convicted of laundering the same, her Guideline Sentencing Range would be much higher.

<u>The Bureau of Prisons Has Guidelines to Provide Services to the Transgender Population</u>

While not explicitly stated in her sentencing memorandum, the report from Dr. Guidry, which the defendant relies upon in her memorandum, contends that the defendant's transgender status may put her life at risk in a prison environment. The Bureau of Prisons has developed numerous policies and procedures to provide services to the transgender prison population and to keep them safe while in BOP custody. The BOP has a Transgender Offender Manual, *Gov't Exhibit 1*, Clinical Guidance for Medical Management of Transgender Inmates, *Gov't Exhibit 2*, as well as polices on accommodations, psychological assessment protocols and treatment of transgender inmates, *Gov't Exhibit 3*.

Aside from her transgender status, there is little that is unique about the defendant's situation. Many defendants come from maladapted home environments. Typically, we see such cases in the drug context because the poor conditions lead to addiction as an escape mechanism. That is not the case here. The defendant engaged in financial crimes in which she was taking large sums of money from elderly people and turning into bitcoin that went to scammers. She did that for financial gain.

It is not clear what the defendant's background has to do with her decision to engage in for-profit financial crimes. A meaningful sentence imposed in this case is important because it will send the deterrent message that virtual currency cannot become a tool for fleecing the vulnerable in our society. That is the key consideration that should be the Court's focus when it imposes sentence.

For the reasons stated, the United States does not object to a continuance in the sentencing to permit the defendant additional time to read the Freeman transcripts and that the Court should impose a 37-month sentence.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated: April 21, 2023

/s/ Georgiana L. MacDonald
Assistant U.S. Attorney
MA Bar # 685375
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
georgiana.macdonald@usdoj.gov

/s/ John J. Kennedy
Assistant U.S. Attorney
NH Bar # 19557
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552
john.kennedy2@usdoj.gov

/s/ Seth R. Aframe
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
603-225-1552