UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) No. 21-cr-41-JL-06 |
| ARIA DIMEZZO, | ) ) |
| Defendant | ) ) ) |

**GOVERNMENT'S STATEMENT REGARDING
INELIGIBILITY FOR SENTENCING RELIEF**

The defendant pled guilty to operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a) & (b)(1)(B).  At sentencing, her Guidelines range was 30-37 months, corresponding to a total offense level of 19 and criminal history category of I.  PSR ¶ 98.  The Court imposed a sentence of 18 months' imprisonment.  *See* DiMezzo Judgment (ECF No. 303).

Last year, the Sentencing Commission promulgated Amendment 821 to the Guidelines.  As a general matter, a defendant may be eligible for a sentence reduction if (1) Amendment 821 is applicable to the defendant and (2) lowers the defendant's previously calculated guideline range.  In addition, (3) the defendant cannot have previously received a sentence at or below the bottom of the now-amended range (other than due to substantial assistance, which is inapplicable here).  Even if the defendant is eligible, (4) a district court has discretion to deny a reduction.[1]  Further, because this is a proceeding under 18 U.S.C. § 3582(c)(2), it is not a full resentencing

---

[1] Specifically, district courts should consider, among other things, the factors set forth in 18 U.S.C. § 3553(a) in determining whether a sentence reduction is appropriate.  For the reasons elucidated in the Government's sentencing memorandum and stated by Government counsel at sentencing, the Section 3553(a) factors weigh strongly against a sentence reduction.

1

proceeding under U.S.S.G. § 1B1.10(a)(3), and does not permit reconsideration of other sentencing determinations not altered by the Guideline amendment.

At minimum, the defendant fails at the third step.  As relevant here, because the defendant had zero criminal history points, Amendment 821 would reduce her total offense level to 17.  That yields an amended Guidelines range of 24-30 months.  Nevertheless, the defendant is <u>categorically ineligible</u> for relief under the Amendment, as she already received a sentence below the minimum of the amended Guideline range.  Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), district courts are prohibited from reducing a defendant's term of imprisonment below that threshold.  *See also Dillon v. United States*, 560 U.S. 817, 822 (2010) (emphasizing that the restrictions in Guideline Section 1B1.10 are binding)*; United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) (stating the "plain language" of Section 1B1.10(b)(2)(A) "bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government"); *United States v. Agron*, No. 16-1776, 2019 WL 13196157, at *1 (1st Cir. Jan. 24, 2019) (summarily affirming district court's denial of sentencing reduction under Guideline Amendment 782 where the defendant's original sentence "would fall at the very bottom of the resulting amended advisory guideline sentencing range").

Accordingly, the Government requests the Court deny the defendant's motion for a sentence reduction.

                                        Respectfully submitted,

                                        JANE E. YOUNG
                                        United States Attorney

Dated: January 5, 2024          By:    <u>/s/ Alexander S. Chen</u>
                                        Alexander S. Chen
                                        Assistant U.S. Attorney
                                        53 Pleasant Street, 4th Floor
                                        Concord, New Hampshire 03301
                                        (603) 225-1552
                                        Alexander.chen@usdoj.gov