IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

THE UNITED STATES OF AMERICA

       v.                                                                             No. 1:21j-cr-41-JL-01

ARIA DIMEZZO

## MOTION TO AMEND CONDITIONS OF RELEASE

Now comes the defendant, Aria DiMezzo, pro se, to request that the Court modify her conditions of Supervised Release so that she may continue to co-host the talk show Free Talk Live, as she did prior to the start of this case, and to manage and direct the show of the same name as well as the radio network LRN.FM, with help from co-defendant Ian Freeman, by being allowed to have telephone, written, and in-person contact with Ian Freeman. Although hosting the show does not require Ms. DiMezzo to maintain any contact with Ian Freeman, managing the show as Assistant Programming Director to Ian Freeman, particularly while he is in federal prison at FMC Devens, presents a number of issues and challenges that rely heavily on the decades of experience and practice that Mr. Freeman has accrued throughout the existence of Free Talk Live, which at the last official audit of affiliate stations, was open to the public and available online at www.freetalklive.com, as well as on approximately 200 radio stations throughout the United States (see Ms. DiMezzo's Motion to Modify Conditions of Release, Document 80).

Ms. DiMezzo was released from FMC Devens on May 9, 2024 and went into Supervised Release on May 23, 2024. During her prison sentence at FMC Devens, as noted in Ms. DiMezzo's Motion to Reduce Sentence (docket number 368), Ms. DiMezzo received no disciplinary infractions and maintained a spirit of positivity, working two jobs for the facility and engaging in productive activism for the benefit of her fellow inmates. Since her time on federal supervised release, Ms. DiMezzo has further encountered no difficulties abiding the restrictions that have been set forth by this Court.

## HISTORY OF CONTACT WITH IAN FREEMAN

On June 4, 2021, through her attorney Richard Guerriero, Ms. DiMezzo requested the Court modify the terms of her pre-trial supervised release to allow in-person and written contact with her co-defendant Ian Freeman, so that they could continue to work together in the performance of Free Talk Live ("FTL") and the management of the same. FTL is a radio show that is open for all members of the public to call in, express their opinions and ideas, and talk to the hosts of the show. The callers and hosts routinely discuss a variety of topics, including social issues, politics, news, philosophy, literature, individual rights, social media, and other matters.

Around spring of 2019, Mr. Freeman requested that Ms. DiMezzo take on the tasks of an Assistant Programming Director, learning the nuances of the radio industry, making contact with affiliate radio stations and potential affiliate radio stations, and developing an understanding of the complex automation software used by FTL and Mr. Freeman's radio network LRN.FM, which among other features broadcast liberty-oriented media into parts of the world via satellite that otherwise had little-to-no information on concepts such as natural rights, government accountability, and the freedom of speech.

On March 16, 2021, Ms. DiMezzo and Mr. Freeman were arrested and arraigned in this Court in a nineteen-count indictment where Ms. DiMezzo was charged with Operating and Unlicensed Money Transmitting Business and Conspiracy to Operate and Unlicensed Money Transmitting Business. Ms. DiMezzo was placed into pre-trial supervised release, and shortly thereafter her attorney Mr. Guerriero filed on her behalf Document 80, a Motion to Amend Conditions of Release, which sought to allow contact between Mr. Freeman and Ms. DiMezzo for the purposes of operating and maintaining the radio show Free Talk Live. The Court granted this motion on June 16, 2021, which has since remained in effect without issue. It proved both possible and necessary for Ms. DiMezzo and Mr. Freeman to have lawful contact in a way that did not affect or alter the case, nor to permit the defendants to engage in any unlawful conduct.

When Ms. DiMezzo went to FMC Devens' federal prison on June 27, 2023, several changes were made to the format of Free Talk Live with which Ms. DiMezzo had very little experience dealing with. Rather than producing live content seven nights a week, due to the absence of Ms. DiMezzo, Free Talk Live began releasing pre-recorded content produced by others twice a week, which was increased to three nights a week in October 2023. During this time, Ms. DiMezzo maintained lawful contact with Mr. Freeman in accordance with Document 80, via the CORRLINKS messaging system available to inmates in federal prison. It was known to Ms. DiMezzo that her communications were monitored, and that staff members of the facility were reading her messages, and it never created any problem that Ms. DiMezzo and Mr. Freeman maintained this contact via written communications in accordance with Document 80.

Due to a variety of reasons, Mr. Freeman did not reach FMC Devens, the correctional facility at which he is now located, until spring of 2024. Due to an administrative mistake, Mr. Freeman was then placed in one of the Low Security units at the facility; Ms. DiMezzo was released from FMC Devens on May 9, 2024, and Mr. Freeman was transferred to the FMC Devens Satellite Camp a few weeks after Ms. DiMezzo's departure. For reasons entirely unrelated to Ms. DiMezzo and Mr. Freeman being co-defendants, the two were never housed at the same facility and in the same unit, although if these inexplicable conditions had not occurred, Ms. DiMezzo and Mr. Freeman would have been housed at the same facility and in the same unit. Ergo, it was not believed that in-person contact between Ms. DiMezzo and Mr. Freeman would cause any administrative or security concerns for the facility and staff.

After her release from FMC Devens, under the belief that the Motion to Modify Conditions of Release filed on June 4, 2021 was still in effect, Ms. DiMezzo briefly maintained written contact with Mr. Freeman via the CORRLINKS messaging system to which Mr. Freeman has access. These messages are likely still available to the staff at FMC Devens and would show that Mr. Freeman and Ms. DiMezzo discussed almost entirely Ms. DiMezzo's plans for Free Talk Live and LRN after her

release, and suggestions from Mr. Freeman on steps that Ms. DiMezzo should take to stabilize these entities and help move them forward.

Within a few days, staff at FMC Devens blocked Ms. DiMezzo's communications with Ian Freeman, informing Ms. DiMezzo that she could appeal the decision in writing. Ms. DiMezzo's supervisory officer Jennafer McNutt then informed Ms. DiMezzo that she could appeal the decision, but that the pre-trial conditions set by the Court did not apply, and if Ms. DiMezzo sought to have contact with Mr. Freeman then a new post-conviction motion would need to be filed.

This created a two-fold issue, where both the Bureau of Prisons and staff at FMC Devens, and the US Court, needed to be requested to allow this contact. Ms. DiMezzo wrote and submitted her appeal to the Honorable Warden at FMC Devens (see attached) in June of 2024. Ms. DiMezzo did not hear back from the Warden directly, but was informed by her supervisory officer that FMC Devens had essentially said that whether contact would be permitted would be left to USPO, which has followed its conventional rules and procedures, and thereby declined to permit contact between the two convicted persons, Ms. DiMezzo and Mr. Freeman, and informed Ms. DiMezzo that this motion would be necessary for contact between the two to be permitted.

Since her release from prison, Ms. DiMezzo immediately returned to her full-time job, and resumed hosting the radio show Free Talk Live, as well as launching several related projects meant to ensure the longevity and survival of the FTL brand. Ms. DiMezzo has picked up on the current status and administration needs of the show entirely second-hand, and has decided with Mr. Freeman's wife, Bonnie Freeman, to make additional changes to the show that will facilitate the creation of better content while also mitigating some of the long-standing challenges of having the show on every night of the week. The difficulties involved in these changes are substantial, and it was Mr. Freeman who programmed the automation software, built the studio from which FTL is broadcast over the course of two decades, created the network clock, and arranged for FTL to be one of the first nationally-syndicated radio shows to move to full self-syndication, rather than relying on a third party syndicate

such as Talk Media Network or Genesis Communications. This means that technical and administrative back-end challenges that were already daunting have escalated further in difficulty and specialty, and exist far beyond the normal comfort zone of Ms. DiMezzo to handle. As of the last Ms. DiMezzo had heard on the matter, Mr. Freeman likewise sees the necessity of this contact and desires the contact.

It would be of incalculable value to Ms. DiMezzo to have contact with Mr. Freeman so that these technical and administrative challenges can be discussed with the person who built these systems over the course of two decades. Therefore, and following the instructions of her supervisory officer, Ms. DiMezzo humbly requests the court to modify the conditions of her post-trial release, and likewise the conditions of Mr. Freeman, to allow for contact via written, telephone, and in-person communications.

Specifically, Ms. DiMezzo asks:

A. To be present together in person at the same physical location as Ian Freeman for the broadcast of Free Talk Live, half an hour before, during, and half an hour after each broadcast, following his release from FMC Devens in several years' time;

B. To, following his release from FMC Devens, co-host the Free Talk Live and LRN.FM shows with Mr. Freeman;

C. To communicate with Mr. Freeman in person, via written messages, and via telephonic communications regarding the broadcast of Free Talk Live and productions of LRN.FM, technical issues, staffing, content, or any other matter reasonably related to these broadcasts and recordings.

These limited exceptions to the provisions permitting no contact between convicted persons do not threaten any government interest, nor do they endanger public safety in any way. The court should, therefore, grant this motion and amend Ms. DiMezzo's conditions of release accordingly. Ms. DiMezzo has not contacted Attorneys representing the United States on this matter.

Counsel for Ian Freeman will likely join this motion.

Ms. DiMezzo does not seek an evidentiary hearing unless the government unless the government disputes the facts asserted herein.

WHEREFORE Ms. DiMezzo requests that her conditions of post-trial release be modified to allow her:

A) To be present together in person at the same physical location as Ian Freeman for the broadcast of Free Talk Live, half an hour before, during, and half an hour after each broadcast, following his release from FMC Devens in several years' time;

B) To, following his release from FMC Devens, co-host the Free Talk Live and LRN.FM shows with Mr. Freeman;

C) To communicate with Mr. Freeman in person, via written messages, and via telephonic communications regarding the broadcast of Free Talk Live and productions of LRN.FM, technical issues, staffing, content, or any other matter reasonably related to these broadcasts and recordings.

Respectfully submitted,

Aria DiMezzo, pro se
November 16, 2024